**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROY KELLNER | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-04048 |
| | ) | |
| vs. | ) | |
| | ) | Honorable Judge John Z. Lee |
| LAKEVIEW LOAN SERVICING, LLC; | ) | |
| CENLAR FSB d/b/a CENTRAL LOAN | ) | |
| ADMINISTRATION AND REPORTING; | ) | |
| and M&T BANK CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants M&T Bank (erroneously sued as "M&T Bank Corporation") and Lakeview Loan Servicing, LLC ("Lakeview") (collectively "Defendants"), by and through their attorneys, Monique B. Howery and Colette M. Willer of Reed Smith LLP, hereby answer the Complaint of Plaintiff Roy Kellner ("Plaintiff"). Unless expressly admitted herein, Defendants lack sufficient information or knowledge to admit or deny the allegations of the Complaint and, on that basis, deny the allegations.

## INTRODUCTION, PARTIES, JURISDICTION AND VENUE

1. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 1 of the Complaint and, on that basis, deny the allegations.

2. Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 2 of the Complaint and, on that basis, deny the allegations. To the extent Plaintiff references a Note and Mortgage, such Note and Mortgage are written documents that speak for themselves. Defendants deny any allegations or characterization inconsistent with the plain language of the writings.

3. The allegations in Paragraph 3 of the Complaint are too vague and ambiguous to permit a response. To the extent a response is required and Defendants are able to understand the allegations, Defendants deny the allegations.

4.      Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 4 of the Complaint and, on that basis, deny the allegations.

5.      The allegations in Paragraph 5 are admitted.

6.      It is admitted only that M&T Bank began subservicing Kellner's loan effective March 2, 2017.  The remaining allegations in Paragraph 6 of the Complaint are directed to Defendant Cenlar FSB d/b/a Central Loan Administration & Reporting ("Cenlar").  As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

7.      The allegations in Paragraph 7 of the Complaint are admitted.

8.      The allegations in Paragraph 8 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

9.      The allegations in Paragraph 9 of the Complaint contain statements of jurisdiction to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiff purports to bring this action against Defendants for alleged violations, *inter alia*, of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and to purportedly enforce regulations promulgated by the Consumer Finance Protection Bureau ("CFPB").  Defendants deny the remaining allegations this Paragraph.  Defendants specifically deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever, against them.

10.     The allegations in Paragraph 10 of the Complaint contain statements of jurisdiction to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiff purports to bring this action against Defendants for alleged violations, *inter alia,* of the Illinois Fraud Act, 815 ILCS 505/1, breach of contract, and negligent infliction of emotional distress.  Defendants specifically deny that that Plaintiff is entitled to the relief requested, or to any relief whatsoever, against them.

11.     The allegations in Paragraph 11 of the Complaint contain statements of venue to which no response is required.  To the extent a response is required, it is admitted only that

- 2 -

Defendants conduct business in this District. Defendants lack sufficient information or knowledge to admit or deny the remaining allegations and, on that basis, deny the allegations.

## SUMMARY OF CLAIMS

12.     The allegations in Paragraph 12 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegation.

13.     The allegations in Paragraph 13 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegation.

14.     The allegations in Paragraph 14 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegation.

15.     The allegations in Paragraph 15 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

16.     The allegations in Paragraph 16 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, it is admitted only that Plaintiff purports to assert a claim for relief for alleged breaches of the rules under Regulation X. Defendants specifically deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever, against them.

17.     The allegations in Paragraph 17 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

18.     The allegations in Paragraph 18 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

19.     The allegations in Paragraph 19 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever, against them.

20.     The allegations in Paragraph 20 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants specifically deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever, against them.

## THE HISTORY OF KELLNER'S LOAN

21.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 21 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a Note and Mortgage, these are written documents that speak for themselves.  Defendants deny any allegations or characterization inconsistent with the plain language of the writings.

22.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 22 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a First Payment Letter, such letter is a written document that speaks for itself.  Defendants deny any allegations or characterization inconsistent with the plain language of the letter.

23.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 23 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references an Initial Escrow Disclosure, it is a written document that speaks for itself.  Defendants deny any allegations or characterization inconsistent with the plain language of the document.

24.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 24 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references an Initial Escrow Disclosure, it is a written document that speaks for itself.  Defendants deny any allegations or characterization inconsistent with the plain language of the document.

25.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 25 of the Complaint and, on that basis, deny the allegations.  To the

extent Plaintiff references a Customer Account Activity Statement, it is a written document that speaks for itself.  Defendants deny any allegations or characterization inconsistent with the plain language of the document.

26.    Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 26 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a Loan Statement, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

27.    Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 27 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a Customer Account Activity Statement or Loan Statement, these are written documents that speak for themselves.    Defendants deny any allegations or characterization inconsistent with the plain language of the documents.

28.    Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 28 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a Loan Statement, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

29.    Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 29 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a Loan Statement, it is a written document that speaks for itself. Defendants deny any allegation or characterization inconsistent with the plain language of the document.

30.    The allegations in Paragraph 30 of the Complaint are directed to Defendant Cenlar.  As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.  Further, the allegations refer to a Customer Account Activity Statement and February 2016 Loan Statement which are written documents

- 5 -

that speak for themselves.  Defendants deny any allegation or characterization inconsistent with the plain language of the documents.

31.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 31 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a Loan Statement, it is a written document that speaks for itself. Defendants deny any allegation or characterization inconsistent with the plain language of the document.

32.     The allegations in Paragraph 32 of the Complaint are directed to Defendant Cenlar.  As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.  Further, the allegations refer to a Customer Account Activity Statement which is a written document that speaks for itself.  Defendants deny any allegation or characterization inconsistent with the plain language of the documents.

33.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 33 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references Loan Statements, these are written documents that speak for themselves.  Defendants deny any allegation or characterization inconsistent with the plain language of the documents.

34.     The allegations in Paragraph 34 of the Complaint are directed to Defendant Cenlar.  As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.  Further, the allegations refer to a Customer Account Activity Statement which is a written document that speaks for itself.  Defendants deny any allegation or characterization inconsistent with the plain language of the document.

35.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 35 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a Loan Statement, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

36.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 36 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a Customer Account Activity Statement, it is a written document that speaks for itself.  Defendants deny any allegations or characterization inconsistent with the plain language of the document.

37.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 37 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a Second Escrow Disclosure, it is a written document that speaks for itself.  Defendants deny any allegations or characterization inconsistent with the plain language of the document.

38.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 38 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a Second Escrow Disclosure, it is a written document that speaks for itself.  Defendants deny any allegations or characterization inconsistent with the plain language of the document.

39.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 39 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references a Loan Statement, it is a written document that speaks for itself.  Defendants deny any allegations or characterization inconsistent with the plain language of the document.

40.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 40 of the Complaint and, on that basis, deny the allegations.  To the extent Plaintiff references tax payment information and an Initial Escrow Disclosure, these are written documents that speak for themselves.  Defendants deny any allegations or characterization inconsistent with the plain language of the documents.

41.     The allegations in Paragraph 41 of the Complaint are directed to Defendant Cenlar.  As such, Defendants lack sufficient knowledge or information to form a belief as to the

truth of the allegations and on that basis, deny them. To the extent Plaintiff references tax payment information, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the documents.

42.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 42 of the Complaint and, on that basis, deny the allegations. To the extent Plaintiff references a Loan Statement, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

43.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 43 of the Complaint and, on that basis, deny the allegations. To the extent Plaintiff references a Loan Statement, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

44.     The allegations in Paragraph 44 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them. Further, the allegations refer to a Delinquent Notice which is a written document that speaks for itself. Defendants deny any allegation or characterization inconsistent with the plain language of the document.

45.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 45 of the Complaint and, on that basis, deny the allegations. To the extent Plaintiff references a Customer Account Activity Statement, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

46.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 46 of the Complaint and, on that basis, deny the allegations. To the extent Plaintiff references a Customer Account Activity Statement, it is a written document that

speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

47.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 47 of the Complaint and, on that basis, deny the allegations. To the extent Plaintiff references a letter, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

48.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 48 of the Complaint and, on that basis, deny the allegations. To the extent Plaintiff references a letter, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

49.     The allegations in Paragraph 49 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them. Further, the allegations refer to a letter which is in writing and speaks for itself. Defendants deny any allegation or characterization inconsistent with the plain language of the document.

50.     The allegations in Paragraph 50 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

51.     Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 51 of the Complaint and, on that basis, deny the allegations. To the extent Plaintiff references a Loan Statement, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

52.     The allegations in Paragraph 52 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them. To the extent Plaintiff references a Loan

Statement, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

53.     The allegations in Paragraph 53 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them. To the extent Plaintiff references a Customer Account Activity Statement, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

54.     It is admitted only that M&T Bank began subservicing Kellner's loan effective March 2, 2017. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

## KELLNER'S EFFORTS TO SEEK INFORMATION FROM CENLAR AND TO HAVE ERRORS CORRECTED

55.     The allegations in Paragraph 55 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them.

56.     The allegations in Paragraph 56 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them. To the extent Plaintiff references a Notice of Errors, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

57.     The allegations in Paragraph 57 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them. To the extent Plaintiff references a Notice of Errors, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

58.     The allegations in Paragraph 58 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them. To the extent Plaintiff references tracking

information, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

59. The allegations in Paragraph 59 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them. To the extent Plaintiff references a Request for Information ("RFI"), it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

60. The allegations in Paragraph 60 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them.

61. The allegations in Paragraph 61 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them. To the extent Plaintiff references an RFI, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

62. The allegations in Paragraph 62 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them. To the extent Plaintiff references tracking information, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

63. The allegations in Paragraph 63 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them.

64. The allegations in Paragraph 64 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them. To the extent Plaintiff references a Notice

of Errors, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

65. The allegations in Paragraph 65 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them. To the extent Plaintiff references tracking information, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

66. The allegations in Paragraph 66 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them. To the extent Plaintiff references a Notice of Errors, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

67. The allegations in Paragraph 67 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny them. To the extent Plaintiff references tracking information, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

68. The allegations in Paragraph 68 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

69. The allegations in Paragraph 69 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them. To the extent Plaintiff references a Response to Notices of Errors, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

70. The allegations in Paragraph 70 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the

truth of the allegations and on that basis, deny them. To the extent Plaintiff references a Response to Notices of Errors, it is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

## KELLNER'S ALLEGED EFFORTS TO SEEK INFORMATION FROM M&T BANK AND TO HAVE ERRORS CORRECTED

71. The allegations in Paragraph 71 of the Complaint are admitted only to the extent that Plaintiff's counsel sent a letter dated March 13, 2017 to M&T Bank. The letter is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document. The remaining allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

72. The allegations in Paragraph 72 of the Complaint are admitted only to the extent that Plaintiff's counsel sent a letter dated April 4, 2017 to M&T Bank. The letter is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document. The remaining allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

73. The allegations in Paragraph 73 of the Complaint are admitted only to the extent that M&T Bank sent a letter dated March 29, 2017 in response to Plaintiff's April 4, 2017 letter to M&T Bank. The letter is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document, and deny any remaining allegations in this Paragraph.

74. Defendants deny the allegations in Paragraph 74 of the Complaint. By way of further response, Defendants state that M&T Bank responded by letter dated May 18, 2017.

75. The allegations in Paragraph 75 of the Complaint are admitted only to the extent that M&T Bank sent Plaintiff a Mortgage Statement dated March 17, 2017. The Mortgage Statement is a written document that speaks for itself. Defendants deny any allegations or

characterization inconsistent with the plain language of the document, and deny any remaining allegations in this Paragraph.

76.     The allegations in Paragraph 76 of the Complaint refer to a March 17, 2017 Mortgage Statement which is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document, and deny any remaining allegations in this Paragraph.

77.     The allegations in Paragraph 77 of the Complaint are admitted only to the extent that M&T Bank sent Plaintiff a letter dated March 17, 2017. The letter dated March 17, 2017 is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document, and deny any remaining allegations in this Paragraph.

78.     The allegations in Paragraph 78 of the Complaint are admitted only to the extent that M&T Bank sent a letter to Plaintiff dated March 21, 2017. The letter dated March 21, 2017 is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document, and deny any remaining allegations in this Paragraph.

79.     The allegations in Paragraph 79 of the Complaint are admitted only to the extent that M&T Bank sent Plaintiff a Mortgage Statement dated April 17, 2017. The Mortgage Statement dated April 17, 2017 is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document, and deny any remaining allegations in this Paragraph.

80.     The allegations in Paragraph 80 of the Complaint refer to an April 17, 2017 Mortgage Statement which is a written document that speaks for itself. Defendants deny any allegations or characterization inconsistent with the plain language of the document.

81.     The allegations in Paragraph 81 of the Complaint are admitted only to the extent that M&T Bank sent Plaintiff Mortgage Statements dated May 4, 2017, May 12, 2017 and May 16, 2017. These Mortgage Statements are written documents that speak for themselves.

Defendants deny any allegations or characterization inconsistent with the plain language of the document, and deny any remaining allegations in this Paragraph.

82. Defendants deny the allegations in Paragraph 82 of the Complaint to the extent they are directed to Defendants. To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

83. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 83 of the Complaint and, on that basis, deny them. Defendants deny the allegations in the second sentence of this Paragraph.

**ALLEGED DAMAGE TO KELLNER**

84. Defendants deny the allegations in Paragraph 84 of the Complaint to the extent they are directed to Defendants. To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

85. Defendants deny the allegations in Paragraph 85 of the Complaint to the extent they are directed to Defendants. To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

86. The allegations in Paragraph 86 of the Complaint are directed to Defendant Cenlar. As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and on that basis, deny the allegations.

89. Defendants deny the allegations in Paragraph 89 of the Complaint to the extent they are directed to Defendants. To the extent the allegations are directed to Defendant Cenlar,

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

92.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint and on that basis, deny the allegations.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

94.     The allegations in Paragraph 94 of the Complaint are too vague and ambiguous to permit a response.  To the extent a response is required and Defendants are able to understand the allegations, Defendants deny the allegations.

## COUNT ONE: AGAINST LAKEVIEW, CENLAR AND M&T BANK
### [Breach of Contract]

95.     Defendants incorporate their responses to the foregoing Paragraphs 1 through 94 of the Complaint as though set forth in full herein.

96.     The allegations in Paragraph 96 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

97.     The allegations in Paragraph 97 of the Complaint are directed to Defendant Cenlar.  As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

98.     The allegations in Paragraph 98 of the Complaint are directed to Defendant Cenlar.  As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

99.     The allegations in Paragraph 99 of the Complaint are directed to Defendant Cenlar.  As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them

100.    The allegations in Paragraph 100 of the Complaint are directed to Defendant Cenlar.  As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

101.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and on that basis, deny the allegations.

102.    The allegations in Paragraph 102 of the Complaint are directed to Defendant Cenlar.  As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

103.    It is admitted only that M&T Bank began subservicing Kellner's loan effective March 2, 2017.  Defendants deny the remaining allegations in Paragraph 103 of the Complaint.

104.    It is admitted only that Plaintiff's counsel sent a letter dated April 4, 2017 to M&T Bank.  The letter is a written document that speaks for itself.  Defendants deny any allegations or characterization inconsistent with the plain language of the document.  Defendants deny the remaining allegations in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations in Paragraph 106 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar,

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

108.    Defendants deny the allegations in Paragraph 108 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

109.    Defendants deny the allegations in Paragraph 109 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

110.    The allegations in Paragraph 110 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

The allegations in the "WHEREFORE" paragraph following Paragraph 110 of the Complaint constitute a prayer for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief demanded in the Complaint, including the relief requested in sections A through D of this paragraph, and respectfully request that the Court enter judgment in their favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and such other and further relief as the Court deems just and proper.

## COUNT TWO: AGAINST LAKEVIEW AND CENLAR
**[Cenlar's Alleged Failures to Properly Acknowledge and Respond to Requests for Information in Violation of 12 C.F.R. § 1024.36 and Cenlar's Alleged Failures to Properly Respond to Notices of Error in Violation of 12 C.F.R. § 1024.35(e)]**

111.    Defendants incorporate their responses to the foregoing Paragraphs 1 through 110 of the Complaint as though set forth in full herein.

112.    The allegations in Paragraph 112 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

113.    The allegations in Paragraph 113 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

114.    The allegations in Paragraph 114 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

115.    The allegations in Paragraph 115 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

116.    The allegations in Paragraph 116 of the Complaint are directed to Defendant Cenlar.  As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

117.    The allegations in Paragraph 117 of the Complaint are directed to Defendant Cenlar.  As such, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

118.    The allegations in Paragraph 118 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

119.     The allegations in Paragraph 119 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

The allegations in the "WHEREFORE" paragraph following Paragraph 119 of the Complaint constitute a prayer for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief demanded in the Complaint, including the relief requested in sections A through D of this paragraph, and respectfully request that the Court enter judgment in their favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and such other and further relief as the Court deems just and proper.

## COUNT THREE: AGAINST LAKEVIEW AND M&T BANK
### [M&T Bank's Alleged Failure to Properly Respond to Notices of Error in Violation of 12 C.F.R. § 1024.35(e)]

120.     Defendants incorporate their responses to the foregoing Paragraphs 1 through 119 of the Complaint as though set forth in full herein.

121.     The allegations in Paragraph 121 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

122.     The allegations in Paragraph 122 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

123.     The allegations in Paragraph 123 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

124.     The allegations in Paragraph 124 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

125.    The allegations in Paragraph 125 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

126.    Defendants deny the allegations in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations in Paragraph 127 of the Complaint.

128.    The allegations in Paragraph 128 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

The allegations in the "WHEREFORE" paragraph following Paragraph 128 of the Complaint constitute a prayer for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief demanded in the Complaint, including the relief requested in sections A through D of this paragraph, and respectfully request that the Court enter judgment in their favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and such other and further relief as the Court deems just and proper.

### COUNT FOUR: AGAINST LAKEVIEW, CENLAR AND M&T BANK
### [Alleged Violation of the Illinois Fraud Act, 815 ILCS 505/1]

129.    Defendants incorporate their responses to the foregoing Paragraphs 1 through 128 of the Complaint as though set forth in full herein.

130.    The allegations in Paragraph 130 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

131.    The allegations in Paragraph 131 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

132.    Defendants deny the allegations in Paragraph 132 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar,

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

133. Defendants deny the allegations in Paragraph 133 of the Complaint.

134. Defendants deny the allegations in Paragraph 134 of the Complaint to the extent they are directed to Defendants. To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

135. The allegations in Paragraph 135 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this Paragraph.

136. Defendants deny the allegations in Paragraph 136 of the Complaint to the extent they are directed to Defendants. To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

137. Defendants deny the allegations in Paragraph 137 of the Complaint to the extent they are directed to Defendants. To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

138. Defendants deny the allegations in Paragraph 138 of the Complaint to the extent they are directed to Defendants. To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

139. Defendants deny the allegations in Paragraph 139 of the Complaint to the extent they are directed to Defendants. To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

140.    Defendants deny the allegations in Paragraph 140 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

141.    Defendants deny the allegations in Paragraph 141 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

142.    Defendants deny the allegations in Paragraph 142 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

143.    Defendants deny the allegations in Paragraph 143 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

144.    Defendants deny the allegations in Paragraph 144 of the Complaint to the extent they are directed to Defendants.  To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

145.    The allegations in Paragraph 145 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

The allegations in the "WHEREFORE" paragraph following Paragraph 145 of the Complaint constitute a prayer for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief demanded in the Complaint, including the relief requested in sections A through F of this paragraph, and

respectfully request that the Court enter judgment in their favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and such other and further relief as the Court deems just and proper.

## COUNT FIVE: AGAINST LAKEVIEW AND M&T BANK
### [Violation of the FDCPA, 15 U.S.C. § 1692k]

146.  Defendants incorporate their responses to the foregoing Paragraphs 1 through 145 of the Complaint as though set forth in full herein.

147.  The allegations in Paragraph 147 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

148.  Defendants deny the allegations in Paragraph 148 of the Complaint.

149.  Defendants deny the allegations in Paragraph 149 of the Complaint.

150.  Defendants deny the allegations in Paragraph 150 of the Complaint.

151.  Defendants deny the allegations in Paragraph 151 of the Complaint.

152.  Defendants deny the allegations in Paragraph 152 of the Complaint.

153.  Defendants deny the allegations in Paragraph 153 of the Complaint.

154.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154 of the Complaint and on that basis, deny the allegations.

155.  The allegations in Paragraph 155 of the Complaint are too vague and ambiguous to permit a response.  To the extent a response is required and Defendants are able to understand the allegations, Defendants deny the allegations.

156.  The allegations in Paragraph 156 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in this Paragraph.

The allegations in the "WHEREFORE" paragraph following Paragraph 156 of the Complaint constitute a prayer for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief demanded in

the Complaint, including the relief requested in sections A through E of this paragraph, and respectfully request that the Court enter judgment in their favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and such other and further relief as the Court deems just and proper.

## COUNT SIX: AGAINST LAKEVIEW, CENLAR AND M&T BANK
### [Negligent Infliction of Emotional Distress]

157.     Defendants incorporate their responses to the foregoing Paragraphs 1 through 156 of the Complaint as though set forth in full herein.

158.     The allegations in Paragraph 158 of the Complaint contain conclusions of law to which no response is required.   To the extent a response is required, Defendants deny the allegations in this Paragraph.

159.     The allegations in Paragraph 159 of the Complaint contain conclusions of law to which no response is required.   To the extent a response is required, Defendants deny the allegations in this Paragraph.

160.     Defendants deny the allegations in Paragraph 160 of the Complaint to the extent they are directed to Defendants.   To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

161.     Defendants deny the allegations in Paragraph 161 of the Complaint to the extent they are directed to Defendants.   To the extent the allegations are directed to Defendant Cenlar, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, deny them.

The allegations in the "WHEREFORE" paragraph following Paragraph 161 of the Complaint constitute a prayer for relief to which no response is required.   To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief demanded in the Complaint, including the relief requested in sections A through D of this paragraph, and respectfully request that the Court enter judgment in their favor and against Plaintiff, dismissing

the Complaint in its entirety and with prejudice, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendants hereby allege the following separate and distinct defenses and affirmative defenses without conceding that Defendants necessarily bear the burden of proof or persuasion:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to exercise reasonable care to mitigate their damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Without admitting any of the allegations in the Complaint, Defendants allege that the injuries and/or damages alleged by Plaintiff were proximately caused by, occurred, and/or were contributed to by Plaintiff's own acts or failures to act.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from recovering from Defendants on any of his claims because there is no causal relationship between any injury alleged to have been suffered and any act of Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff acquiesced in, consented to and/or ratified the acts and omissions alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint and each claim set forth therein are barred because Defendants' conduct was consistent with all applicable laws and regulations.

**EIGHTH AFFIRMATIVE DEFENSE**

Any alleged acts or omissions of Defendants that give rise to Plaintiff's claims are the result of innocent mistake. Plaintiff's claims against Defendants may be barred because any alleged acts or omissions of Defendants giving rise to one or more of Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendants to avoid any such acts or omissions.

**NINTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by Defendants.

**TENTH AFFIRMATIVE DEFENSE**

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Defendants' conduct was at all times undertaken in good faith.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Because Plaintiff failed to make payments on the Loan, Defendants are entitled to an offset to the claims set forth in the Complaint sufficient to diminish or defeat Plaintiff's recovery thereunder.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred by the equitable doctrine of collateral estoppel or the doctrine of res judicata.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred, either in whole or in part, by the operation of any and all applicable statutes of limitation and requirements.

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims against Defendants may be subject to arbitration in accordance with the terms and conditions of the Loan and Defendants reserve the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or loan/note terms and conditions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to show that any alleged acts or omissions of Defendants caused the damages, injuries, or losses claimed.

### EIGHTEENTH DEFENSE

Defendants specifically deny that they acted with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

### NINETEENTH DEFENSE

Defendants specifically deny that they acted with any intent or knowledge to cause any injury or loss to Plaintiff.

### TWENTIETH DEFENSE

Plaintiff did not incur any damages, injury, or loss as a result of any act or conduct by Defendants.

### TWENTY-FIRST DEFENSE

To the extent not set forth herein, Defendants reserve the right to assert additional defenses that become available or apparent during discovery and to amend their Answer accordingly.

WHEREFORE, Defendants pray:

1. That Plaintiff takes nothing by way of the Complaint;

2. That judgment be entered in favor of Defendants and against Plaintiff; and

3. That Defendants be granted attorney fees, costs and such other relief as the Court deems just and proper.

This 26th day of July, 2017.

Respectfully submitted,

Lakeview Loan Servicing, LLC and
M&T Bank (improperly named as "M&T Bank Corporation")

By: /s/ *Colette M. Willer*
  Colette M. Willer
  Monique B. Howery - #6309276
  Colette M. Willer - #6304298
  Reed Smith LLP
  10 S. Wacker Dr., 40th Floor
  Chicago, IL 60606
  (312) 207-1000

  *Counsel for Defendants Lakeview Loan Servicing, LLC and M&T Bank (improperly named as "M&T Bank Corporation")*

**CERTIFICATE OF SERVICE**

I, Colette M. Willer, an attorney, hereby certify that on this 26th day of July 2017, the

foregoing Answer and Affirmative Defenses was filed electronically, using the ECF system,

which will send notification of such filing to all parties of record in the above-captioned matter.

By: */s/ Colette M. Willer*
    Colette M. Willer - #6304298
    Reed Smith LLP
    10 S. Wacker Dr., 40th Floor
    Chicago, IL 60606
    (312) 207-1000

    *Counsel for Defendants Lakeview Loan*
    *Servicing, LLC and M&T Bank (improperly*
    *named as "M&T Bank Corporation")*