# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROY KELLNER, ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-04048 |
| vs. ) | |
| ) | |
| LAKEVIEW LOAN SERVICING, ) | |
| LLC, CENLAR FSB, and M&T ) | Hon. John Z. Lee |
| BANK, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR LEAVE TO FILE
## AMENDED AND SUPPLEMENTAL PLEADING

Plaintiff, Roy Kellner, by and through counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure, moves the Court for leave to file, *instanter*, his First Amended Complaint, amending and supplementing his initial complaint to add a new claim, withdraw a claim and add a new defendant. In support, Plaintiff states:

### BRIEF FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff brought this case because the servicers of his home mortgage loan committed multiple errors in servicing and failed to correct these errors when they were brought to the servicers' attention.

1

2. Plaintiff's initial complaint was filed on May 29, 2017, and named as defendants the master servicer of his loan, Lakeview Loan Servicing, LLC ("Lakeview"), and two companies which sub-serviced his loan at different times, Cenlar FSB ("Cenlar") and M&T Bank ("M&T"). *Complaint*, Doc. #1, "*Compl.*".

3. In the Complaint, Kellner alleged that loan sub-servicer Cenlar used Mr. Kellner's funds held in escrow to pay taxes on real estate that Mr. Kellner did not own and that was not the subject of the Loan Cenlar was servicing. *Compl.* ¶¶ 29, 35. The improper payments created a negative balance in Keller's escrow account. *Compl.* ¶¶ 28-31. Thereafter, Cenlar sent Kellner loan statements claiming amounts which were not due and asserting he was in default in various amounts. *Compl.* ¶¶ 28-53. Kellner diligently attempted to persuade Cenlar to correct its errors by sending notices of error to Cenlar, pointing out the exact problem and requesting that Cenlar remedy the specified errors. *Compl.* ¶¶ 55-70. Cenlar failed to do so. *Compl.* ¶¶ 69-70. Without resolving the problem, Cenlar transferred servicing of Kellner's loan to sub-servicer M&T on March 2, 2017. *Compl.* ¶54.

4. Upon learning of the servicing transfer Mr. Kellner brought the problems he had raised with Cenlar to the attention of M&T by sending additional notices of error, again pointing out the specific errors he believed had been made with the servicing of his mortgage loan. *Compl.* ¶¶ 71-73. M&T did not respond or

correct the errors and instead continued to send Kellner statements claiming amounts which were not due and claiming the Loan was in default. *Compl.* ¶¶ 74-81.

5. In his Complaint, Kellner asserted six claims: *Count I*: Breach of Contract against Lakeview, Cenlar and M&T; *Count II*: Failure to respond to requests for information and to properly respond to notices of error against Lakeview and Cenlar; *Count III*: Failure to respond to requests for information and to properly respond to notices of error against Lakeview and M&T; Count IV: Violation of the Illinois Fraud Act, 815 ILCS 505/1, against Lakeview, Cenlar and M&T; *Count V*: Violation of the Fair Debt Collection Practices Act against Lakeview, Cenlar and M&T, and *Count VI*: Negligent infliction of emotional distress against Lakeview, Cenlar and M&T. *Compl.* ¶¶ 1-161.

6. Cenlar appeared in the case through counsel on June 19, 2017. (Doc. #9). Thereafter, Cenlar filed an answer to the complaint (Doc. #28) and a motion to dismiss the complaint (Doc. #29). The Court entered a briefing schedule directing plaintiff to file his response to the motion by August 31, 2017 and for Cenlar to file any reply by September 21, 2017. (Doc. #37). Kellner timely filed his response on August 31, 2017. (Doc. #38).

7. Lakeview and M&T appeared in the case through counsel on June 22, 2017. (Doc. #15-18). Thereafter, Lakeview and M&T filed their answer and affirmative defenses. (Doc. #25).

**EVENTS TAKING PLACE AFTER THE FILING OF THE COMPLAINT**

8. Shortly after commencement of the case and service on Lakeview and M&T, counsel for Lakeview and M&T contacted Kellner's counsel and advised Kellner's counsel that the errors alleged were in fact in the process of being corrected at the time of the filing of the case and that there was therefore no basis for maintenance of the suit. These representations, made by counsel on behalf of Lakeview and M&T, were false.

9. Proof of the fact that the problems were not corrected came on August 24, 2017 when McCalla Raymer Leibert & Pierce, LLC ("Pierce"), acting as attorney and agent for Lakeview and/or M&T, filed suit against Kellner in the Circuit Court of Cook County, Illinois, seeking to foreclose the Mortgage and collect the Note. That action is captioned *Lakeview Loan Servicing, LLC v. Roy Kellner, et al.* Case No. 2017-CH-11606 (the "Foreclosure Case").

10. At the time the Foreclosure Case was filed, Kellner was not in default of his obligations under the Loan, having made each and every required payment of principal, interest and escrow.

11. Upon learning of the filing of the Foreclosure Case, Kellner's counsel contacted counsel for Lakeview and M&T to question why the Foreclosure Case had been filed.

12. On September 6, 2017, Counsel for M&T and Lakeview, Megan E. Farrell of the law firm of Reed Smith, sent an email to Kellner's counsel which stated:

> Just to be clear, we are dismissing the foreclosure action as a showing of good faith, pending resolution of this action. It was not improper, because plaintiff is in default. Further, plaintiff has no damages that need to be mitigated based on the filing of a complaint that will be dismissed before any response is due. However, we will make our arguments to the Court.

13. The statements made by counsel in the September 6, 2017 email to Kellner's counsel were false. None of the servicers or their counsel has taken any action to dismiss the Foreclosure Case.

14. Moreover, in the September 6, 2017 email, counsel for M&T and Lakeview falsely represented that "plaintiff is in default," notwithstanding having information that this statement was not true.

15. It is due to these events that occurred after the filing of the complaint that Plaintiff seeks leave to amend his claims against Lakeview, Cenlar and M&T,

and to assert a new claim against claim against Pierce, as set forth in the First Amended Complaint attached as Exhibit A.[1]

## STANDARD FOR RELIEF REQUESTED

16. Pursuant to Rule 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave. Courts have broad discretion in determining whether to grant leave to amend. *Right Field Rooftops, LLC v. Chicago Cubs Baseball Club, LLC,* No. 16-3582, 2017 WL 3805856, *8 (7th Cir. Sept, 1, 2017). "[C]ourt[s] should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2), "[I]f a plaintiff seeks leave to amend a complaint before final judgment, leave should be freely given when justice so requires." *Newell v. Velacruz,* No. 17-1617, 2017 WL 3585608, *2 (7th Cir. Aug. 18, 2017); *see also Heng v. Heavner, Beyers & Mihlar, LLC,* 849 F.3d 348, 354 (7th Cir. 2017). "A motion to amend should state with particularity the grounds for the motion and should be accompanied by the proposed amendment." *Gonzalez-Koeneke v. West,* 791 F.3d 801, 806 (7th Cir. 2015) (quoting *Otto v. Variable Annuity Life Ins. Co.,* 814 F.2d 1127, 1139 (7th Cir. 1986)).

17. Rule 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any

---

[1] Plaintiff has also elected to withdraw the claims asserted in Count VI of the Complaint.

transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also FDIC v. Knostman,* 966 F.2d 1133, 1138 (7th Cir. 1992). The standard that governs motions to supplement the pleadings under Rule 15(d) is the same as that which governs motions to amend the pleadings under Rule 15(a). *Glatt v. Chi. Park Dist.,* 87 F.3d 190, 194 (7th Cir. 1996);; *McDavid Knee Guard, Inc. v. Nike USA, Inc.,* 2010 WL 151998, at *5 (N.D. Ill. Jan. 14, 2010). Thus, just as with Rule 15(a) motions, Rule 15(d) motions "should be freely granted when doing so will promote the just disposition of the case and will not cause undue prejudice or delay or trial inconvenience." *Medtronic, Inc. v. Siemens-Pacesetter, Inc.,* 1992 WL 88452, at *1 (N.D. Ill. Apr. 27, 1992).

## LEAVE TO AMEND AND SUPPLEMENT IS PROPER

18. Plaintiff has attached his proposed First Amended Complaint ("FAC") as Exhibit A to this Motion.[2]

19. Amendment at this stage of the case will prejudice no party and is not interposed to delay but rather to advance the resolution of this case. Each defendant has only recently appeared. The Court has not made any substantive rulings. The

---

[2] The Exhibits referenced in the FAC are the same exhibits attached to the initial Complaint (Doc. #1). Those exhibits have not been attached to the proposed pleading attached but are incorporated by reference. All exhibits referenced will be attached to any amended pleading that the Court may permit to be filed.

parties have not commenced discovery, aside from making preliminary Rule 26 disclosures.

20. The conduct, described *infra,* taking place subsequent to the filing of the case, is inextricably linked to the claims asserted by Plaintiff in the initial complaint. The amendments set forth in the FAC do not raise any new claims against the present defendants; and drop one claim - Count VI. Events taking place subsequent to the filing of the complaint are inseparable from the conduct which occurred as of the time of filing and are important to the trier of fact's determination of liability and damages.

21. The new claims asserted against Pierce are related solely to its conduct in filing the Foreclosure Case, and that conduct is part and parcel of the same transaction and occurrence giving rise to the claims against all other defendants. These claims could be asserted in an independent action naming just Pierce, but that course would defeat any notion of judicial economy by burdening the Court with an entirely new lawsuit, when all parties are best served by a resolution in the instant action of all claims arising out of the transaction.

22. Plaintiff has not delayed in seeking leave to amend and supplement, having promptly filed the instant motion and the proposed FAC. Counsel for Plaintiff first learned of the filing of the Foreclosure Case, and therefore the basis

for the need to amend and supplement, on August 30, 2017, and less than twenty days have elapsed before the filing of the instant motion. The instant motion is presented in the good faith belief that amendment will serve the interests of judicial economy by allowing the Court and the parties to address the full spectrum of conduct related to the occurrence.

**WHEREFORE**, Plaintiff prays for leave to file the First Amended Complaint, Attached as Exhibit A, and for such other and further relief this Court deems just and proper.

*Respectfully submitted,*

**ROY KELLNER**

By: */s/ Rusty A. Payton*
    Rusty A. Payton

Rusty A. Payton
Marc E. Dann
DannLaw
115 S. LaSalle Street, Suite 2600
Chicago, Illinois 60603
*email:* payton@dannlaw.com
Ph. and Fax. (312) 702-1000